EXPLORATION CO., Limited, et al. v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. August 2, 1916.)

No. 4676.

LIMITATION OF ACTIONS ⬤═99(1)—FRAUD AS GROUND FOR RELIEF—EFFECT OF CONCEALMENT.

Concealment of a fraud will prevent the running of the statute of limitations against an action based thereon, whether the concealment is active, or whether the fraud is committed in such manner as to conceal itself.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 477; Dec. Dig. ⬤═99(1).]

Appeal from the District Court of the United States for the District of Colorado; Jacob Trieber, Judge.

Suit in equity by the United States against the Exploration Company, Limited, and Philip L. Foster. Decree for the United States and defendants appeal. Affirmed.

For opinion below, see 225 Fed. 854. See, also, 203 Fed. 387, 121 C. C. A. 491.

Henry McAllister, Jr., of Denver, Colo. (George E. Tralles, of Denver, Colo., on the brief), for appellants.

Frank Hall, Sp. Asst. Atty. Gen., of San Francisco, Cal. (Harry B. Tedrow, U. S. Atty., of Denver, Colo., on the brief), for the United States.

Before SMITH and CARLAND, Circuit Judges, and AMIDON, District Judge.

CARLAND, Circuit Judge. This case was before us at a former term of the court on an appeal from a decree sustaining a demurrer to the complaint. The decree was reversed. United States v. Exploration Company, 203 Fed. 387, 121 C. C. A. 491. A trial of the case has been had, and a decree rendered in favor of the plaintiff. Defendants have again appealed, assigning error.

The principal question in the case now, as well as on the former appeal, is as to whether plaintiff's cause of action, at the time the complaint was filed, had been barred by the statute limiting the time for the institution of suits to vacate and annul land patents. The statute referred to may be found in 26 Stat. 1095, 1099, 1093, and 29 Stat. 42, being Act March 3, 1891, c. 559 (Comp. St. 1913, § 4992), and chapter 561, and Act March 2, 1896, c. 39 (Comp. St. 1913, §§ 4901–

4903). We are not asked to reverse our former decision holding that the cause of action was not barred, and we adhere to our former ruling, the reasons for which are stated at length in the opinion of the court on the former appeal. It is now claimed, however, that the evidence introduced at the trial in support of the complaint failed to establish the facts alleged. The trial court made findings of fact and they appear in United States v. Exploration Company, Limited, 225 Fed. 854.

We have carefully considered the evidence taken at the trial, and find that it fully supports the findings of the trial court. It is now claimed, however, that our former ruling on the statute of limitations was based on the allegations of the complaint to the effect that the defendants actively engaged in a conspiracy to conceal the fraud committed in obtaining the patents. In deciding the questions raised by the demurrer, we of course referred to the language of the complaint; but the reason for our ruling, and the authorities cited in support thereof, applied to cases of concealed fraud, whether active or passive. In our former opinion we quoted an excerpt from Bailey v. Glover, 21 Wall. 342, 22 L. Ed. 636, as follows:

"To hold that by concealing a fraud, or by committing a fraud in a manner that it concealed itself, until such time as the party committing the fraud could plead the statute of limitations to protect it, is to make the law which was designed to prevent fraud the means by which it is made successful and secure."

Indeed, the rule seems to be well established. The important question in this case is as to whether it may be applied to the statute of limitations under consideration. For the reasons stated on the former appeal, which need not be repeated here, we hold that it does. In the case at bar the defendants did not advertise the fact that they were committing a fraud, nor did they discuss the fraud among themselves in the presence of others, but the manner in which the fraud was committed constituted all the concealment that was necessary. After it was supposed the statute of limitations had barred any action, the participants in the fraud talked very freely, telling the truth when it was thought it would do no harm. The findings of the trial court, in our judgment, are fully sustained by the evidence, and the findings sustain the decree rendered.

In regard to the point that the right Exploration Company was not sued, we are satisfied with the disposition of that question, and the reasons therefor appearing in the opinion of the trial court. 225 Fed. 860. It is further objected that the decree entered should have recognized the interest of one Alexander Burrell. Burrell was originally named as a defendant in the suit. He appeared and filed a separate demurrer. The demurrer was sustained, and a decree entered dismissing him from the case. On the former appeal counsel moved to dismiss the same, for the reason that Burrell was a party defendant in the court below, and was not made a party on the appeal. We then decided that it did not appear that Burrell, taking the allegations of the complaint to be true, had any interest in the controversy, nor does it now appear from the evidence. Having demurred to the

complaint on the ground that it stated no cause of action against him, Burrell cannot now be heard to say that he should be recognized in the decree.

The decree is affirmed.